## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

BRADLEY MASSEY )
)
Plaintiff, )
)
vs. ) JURY TRIAL DEMANDED
)
COLLECTION BUREAU )
ASSOCIATES INC. )
)
    Defendant. )

## COMPLAINT

NOW COMES the Plaintiff, Bradley Massey, by and through undersigned counsel, and for his complaint against the Defendant, Collection Bureau Associates Inc., Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq*. ("FDCPA").

### II.    JURISDICTION & VENUE

2. This action arises out of violations of the FDCPA.

3. Jurisdiction arises under 15 U.S.C. § 1692 and pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this District in that Plaintiff resides here, Defendant transacts business here, and the conduct complained of occurred here.

### III.    PARTIES

5. Bradley Massey ("Plaintiff") is a natural person who resides in Stockton, MO.

6. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. Collection Bureau Associates Inc. ("CBA") is a business entity engaged in the collection of consumer debt within the State of Missouri.

8. CBA is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6) in that it is an entity of which its 'principal purpose" is the collection of any debts.

## IV.    ALLEGATIONS

9. The Debt allegedly owed by Plaintiff ("the Debt"), was incurred primarily for personal, family, or household services and are therefore a "debt" as that term is defined by the FDCPA, 15. U.S.C. § 1692a(5).

10. On or about January 17, 2020, Plaintiff retained counsel to assist in the resolution of several debts, including the Debt.

11. On or about January 29, 2020, Plaintiff received a call from CBA. During the course of this conversation, Plaintiff politely told the CBA rep that he had retained legal counsel and that any further communications with him would need to be with his counsel.

12. Upon information and belief, this January 29, 2020 communication was the first time CBA attempted to collect the Debt from Plaintiff.

13. On or about February 5, 2020, CBA contacted Plaintiff via telephone in attempt to collect the Debt.

14. This February 5, 2020 communication by CBA violated 15 U.S.C. § 1692c(a)(2), in that CBA contacted a consumer after receiving notice that the consumer was represented by an attorney.

15. Additionally, CBA violated 15 U.S.C. § 1692g in that it failed to send Plaintiff a 30-day validation notice within five days of the initial communication on January 29, 2020.

## V.     JURY DEMAND

16. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully prays for judgment as follows:

a.     All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from CBA and for Plaintiff;

b.     Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from CBA and for Plaintiff;

c.     Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from CBA and for Plaintiff;

d.     Any other relief deemed appropriate by this Honorable Court.

Date: September 9, 2020

        Respectfully submitted,

        **CREDIT LAW CENTER**

        **By: /s/ Anthony Hernandez**
        Anthony Hernandez
        MO #69129
        4041 NE Lakewood Way, Suite 200
        Lee's Summit, MO 64064
        Telephone: 816-282-0422
        Facsimile: 855-523-6884
        anthonyh@creditlawcenter.com
        **Attorney for Plaintiff**